## CENTRAL TRUST CO. v. MANHATTAN TRUST CO. et al.

(Supreme Court, Appellate Division, First Department.   June 28, 1912.)

APPEAL AND ERROR (§ 1177*)—REVIEW—INSUFFICIENT DAMAGES—NEW TRIAL.
    Where the Supreme Court is of the opinion that an award of only nominal damages made by a referee should have been for substantial damages, it has no power, even on undisputed evidence, to make findings as to the amount of damages to be allowed, but should grant a new trial

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

before the referee to determine the quantum of damages upon the evidence that may be presented.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

On reargument. Judgment reversed, and new trial granted before another referee.

For former opinion, see 144 App. Div. 560, 129·N. Y. Supp. 730.

Reargued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

William D. Guthrie, of New York City, for appellant.
Henry W. Taft, of New York City, for respondent.

SCOTT, J. This appeal comes before us for reargument. The action is for conversion, and the judgment appealed from, while in form one in favor of plaintiff, was in reality favorable to defendant, because it was found liable only for nominal damages. This court, being of the opinion that the undisputed and apparently incontrovertible facts, not only established the plaintiff's right to substantial damages, but also established the amount of such damages, modified the judgment by awarding to plaintiff substantial, instead of nominal, damages, and affirmed it as so modified. Our attention is now called to the fact that under existing rules of procedure, as construed by the Court of Appeals, it was erroneous to modify the judgment in the respect indicated, because we have at present no power to make findings, even upon undisputed evidence, and the referee's finding of fact that the plaintiff suffered no damage still stands, and is inconsistent with the judgment entered upon our modification of the judgment appealed from.

While, therefore, it is still our opinion that the plaintiff proved and was entitled to recover substantial damages, yet, as above indicated, it can recover them only after a new trial, so that whatever judgment is finally rendered may be supported by appropriate findings of fact. In order that the new referee, to whom the action will of necessity be referred, may not be embarrassed by our former opinion as to the quantum of the damages, it is proper to say that the amount for which we directed judgment was that for which, upon the evidence then before us, we considered that the defendant was certainly liable. It does not follow, however, that the plaintiff may not be found, upon the evidence to be presented upon a new trial, to be entitled to the recovery of a different, or even a greater, sum. There is no question left in the case except as to the amount of damages to which the plaintiff is entitled. We were of the opinion, and still are, that upon the evidence presented in the present record the referee erred in finding that such damages were merely nominal. There must therefore be a new trial, when the question as to the quantum of damages will be determined upon the evidence then presented.

Judgment reversed, and a new trial granted before another referee, with costs to the plaintiff appellant to abide the event. All concur.